UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BOBBY WHEELER,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PIERCE COUNTY CORRECTION CENTER,<br><br>　　　　　　　　Defendant. | CASE NO. C17-5651 RJB<br><br>ORDER RENOTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* |

　　This matter comes before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 3) and on review of the proposed complaint (Dkt. 1). The Court has considered the application and the remainder of the file herein.

　　On August 17, 2017, Plaintiff filed a proposed civil rights complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the $400 filing fee. Dkt. 1. Plaintiff was notified by the Clerk of the Court that his IFP application was insufficient. Dkt. 2. Plaintiff has now filed the proper form. Dkt. 3.

1 **Standard for Granting Application for IFP.** The district court may permit indigent
2 litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See*
3 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to
4 proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375
5 U.S. 845 (1963). A district court may deny leave to proceed *in forma pauperis* at the outset if it
6 appears from the face of the proposed complaint that the action is frivolous or without merit."
7 *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998)(*quoting Tripati v. First Nat'l Bank &*
8 *Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987)).

9 **Review of the Complaint.** The Court has carefully reviewed the proposed complaint in
10 this matter. Because Plaintiff filed this complaint *pro se*, the Court has construed the pleadings
11 liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles*
12 *Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

13 The proposed complaint names the Pierce County, Washington Corrections Center
14 ("jail') as the Defendant. Dkt. 1. Other than stating, "no other defendants are involved," (Dkt. 1,
15 at 3), Plaintiff does not plead any facts or request any relief in his proposed complaint. Dkt. 1.
16 He attached a form to the proposed complaint entitled "Claim for Damages – Pierce County."
17 Dkt. 1. In this "Claim for Damages" form, Plaintiff asserts that "doctors came to the jail
18 performed 2 surgeries then after multiple complaints that my finger was injured, they ignored my
19 complaint and said that I was asulanated [sic], ignore me, then rushed me to Tac-General Hosp.
20 for emerg. surgery for 7 days." Dkt. 1, at 5. Plaintiff then states they "then sent me back with a
21 pic [sic] line IV back to jail with population." *Id.* To his proposed complaint, Plaintiff also
22 attaches a Washington State Department of Heath form entitled, "Health Care Providers and

Facilities Complaint Form." Dkt. 1, at 7-9. In this form, when asked to describe his complaint, Plaintiff contends that:

> I requested several times for medical attention. I kept complaining about my finger, felt like it was falling off. Took 2 mos. To get medical attn. They did 2 surgeries in corr. fac. then noticed how bad the injuries were, then took me to Tac. General had surg. there, after 6-7 days they released me back to corr. fac. with pic line IV in a corr. ctr. that it could have gotten worse because of the place they put me back in. It all stemed [sic] from them saying they didn't take me serious and the condition was bad, because they were talking about amputation of finger because they waited to [sic] long and the infection got in my joint and blood stream.

Dkt. 1, at 9.

From the proposed complaint, the Court cannot fully determine whether it has jurisdiction, the basis of the claim[s], or what relief the Plaintiff wants. Pursuant to Fed. R. Civ. P. 8 (a):

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

While the pleading standard under Rule 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although pleadings drafted by a party proceeding *pro se* must be read more liberally than pleadings drafted by counsel, a *pro se* litigant is not excused from knowing the most basic pleading requirements. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

Plaintiff's proposed complaint fails to meet the requirements of Rule 8. Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Plaintiff should be given an opportunity to file an amended proposed complaint in order to clearly tell the Court what happened: including dates, places, and who was involved, if known. Further, Plaintiff should state the basis of the Court's jurisdiction and what relief he seeks, that is, what he wants the court to do. Plaintiff's proposed amended complaint, if any, should be filed by October 18, 2017.

**Plaintiff's Application to Proceed IFP.** Plaintiff states that he is "on disability" and has a net income of $803 a month. Dkt. 3, at 1. Plaintiff states that he has $100 in cash and no other assets. Dkt. 3, at 2. Plaintiff reports rent, utilities, and food expenses of over $1,125.00 a month. *Id.*

**Decision on Application to Proceed IFP**. Based upon the above analysis of the deficiencies in the proposed complaint, the Court should renote Plaintiff's application to proceed IFP to October 18, 2017.

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1) **RENOTED to October 18, 2017;** and

- Plaintiff's amended proposed complaint, if any, is due by **October 18, 2017**, and should clearly tell the Court what happened: including dates, places, and who was involved, if known; Plaintiff should state the basis of the Court's jurisdiction and what relief he seeks, that is, what he wants the court to do.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of September, 2017.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS- 5